IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EMMANUEL J., | § | |
| | § | |
| Petitioner, | § | |
| | § | No. 3:25-cv-3151-K-BN |
| V. | § | |
| | § | |
| KRISTI NOEM, ET AL., | § | |
| | § | |
| Respondents. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner, detained at Prairieland Detention Center in this district at the time

of filing, filed a *pro se* 28 U.S.C. § 2241 habeas petition challenging his detention. *See*

Dkt. No. 3. United States District Judge Ed Kinkeade referred this habeas case to

the undersigned United States magistrate judge for pretrial management under 28

U.S.C. § 636(b) and a standing order of reference.

On April 27, 2026, the government filed a status update, stating Petitioner had

been removed from the United States to Ghana on April 15, 2026. *See* Dkt. No. 13.

While Petitioner "satisfied the jurisdictional 'in custody' requirement for

purposes of pursuing relief under § 2241 at the time [he] filed [his] petition," *Herndon*

*v. Upton*, 985 F.3d 443, 446 (5th Cir. 2021) (citing 28 U.S.C. § 2241(c)(3); *Maleng v.*

*Cook*, 490 U.S. 488, 490-91 (1989)), he "must separately satisfy the case-or-

controversy requirement of Article III, Section 2 of the Constitution," *id.* (citing

*Spencer v. Kemna*, 523 U.S. 1, 7 (1998)), because a federal court's jurisdiction is

"constrained to adjudicating 'actual, ongoing controversies between litigants,'" *id.*

(quoting *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988)).

"'In order to maintain jurisdiction, the court must have before it an actual case or controversy at all stages of the judicial proceedings.' 'A case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party.'" *Id.* (citations omitted). "And '[i]t is well-settled, that mootness is a threshold jurisdictional inquiry.'" *Ermuraki v. Renaud*, 987 F.3d 384, 386 (5th Cir. 2021) (per curiam) (quoting *La. Env't Action Network v. U.S. E.P.A.*, 382 F.3d 575, 580 (5th Cir. 2004)); *see also Carbajal v. Holder*, 43 F. Supp. 3d 1184, 1189 (D. Colo. 2014) ("An 'actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.' A case becomes moot if an event occurs during the pendency of the action 'that makes it impossible for the court to grant any effectual relief whatever to a prevailing party.'" (citations omitted)).

Petitioner's removal from the United States is an event that moots his challenge to his detention. *See, e.g.*, *Morales-Morales v. Barr*, 933 F.3d 456, 462 (5th Cir. 2019) ("Because Morales-Morales is no longer detained and has already been deported, her challenge to her detention is moot." (citing *Chay v. Holder*, 470 F. App'x 406, 407 (5th Cir. 2012) (per curiam) ("Even if the district court retained subject matter jurisdiction over Chay's § 2241 petition to the extent that it challenged the continued lawfulness of Chay's post-removal-order detention, and not an order of removal, any such challenge is now moot because Chay has been removed from the United States." (citations omitted)))).

Petitioner's removal therefore renders the Court without jurisdiction to render

a judgment on his claims and requires dismissal. *Cf. Goldin v. Bartholow*, 166 F.3d 710, 718 (5th Cir. 1999) ("If mootness occurred prior to the rendering of final judgment by the district court, *vacatur* and dismissal is automatic. The district court would not have had Article III jurisdiction to render the judgment, and we cannot leave undisturbed a decision that lacked jurisdiction." (citing *Iron Arrow Honor Soc. v. Heckler*, 464 U.S. 67, 72-73 (1983))).

And, to the extent that Petitioner's claim related to his removal to a third country is not a challenge to his detention asserted in anticipation of any government argument as to the significant likelihood of removal in the reasonably foreseeable future, the claims are not properly brought as habeas claims and are currently included as part of a Rule 26(b)(2) non-opt-out class action brought under the Administrative Procedure Act and currently on appeal before the First Circuit Court of Appeals. *See D.V.D. v. U.S. Dep't of Homeland Sec.*, No. 26-1212 (1st Cir.) (appeal of judgment in *D.V.D. v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-10676-BEM, --- F. Supp. 3d ----, 2026 WL 521557 (D. Mass. Feb. 25, 2026)).

So, to the extent that Petitioner's claim related to third country removal is not moot, it should be dismissed without prejudice to avoid inconsistent determinations between the individual and class actions. *See, e.g.*, *Wynn v. Vilsack*, No. 3:21-CV-514-MMH-LLL, 2021 WL 7501821, at *3 (M.D. Fla. Dec. 7, 2021) (collecting cases) ("Multiple courts of appeal have approved the practice of staying a case, or dismissing it without prejudice, on the ground that the plaintiff is a member of a parallel class action.").

**Recommendation**

The Court should dismiss this action as moot, and to the extent that Petitioner's claim related to third country removal is not moot, it should be dismissed without prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. And any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 12, 2026

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE

- 4 -